UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NEIDA GONZALEZ,

    Plaintiff,

v.                               Case No: 2:21-cv-236-SPC-NPM

EXPERIAN INFORMATION
SOLUTIONS, INC. and
SYNCHRONY BANK,

    Defendants.
_____/

**ORDER**[1]

Before the Court is Plaintiff/Counter-Defendant Neida Gonzalez's Motion to Dismiss Defendant/Counter-Plaintiff Synchrony Bank's Counterclaim (Doc. 25). Synchrony responded in opposition (Doc. 29). The Court grants the Motion in part.

This is a consumer credit action. Gonzalez sued Synchrony and Experian Information Solutions, Inc. under the Fair Credit Reporting Act ("FCRA"). After settlement, Experian was dismissed, leaving only a claim against Synchrony. Synchrony says it accurately reported information to Experian,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

including Gonzalez's credit card debt amount and payment details. Synchrony counter-sued Gonzalez for three state-law claims: (1) breach of contract, (2) account stated, and (3) unjust enrichment. Synchrony contends Gonzalez failed to pay almost $19,000 in debts incurred on Synchrony accounts—the same accounts at issue in Gonzalez's claim under the FCRA. Gonzalez moves to dismiss the Counterclaims.

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a claim when that court lacks subject-matter jurisdiction. A party can move to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction by either facial or factual attack. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). When a party sues in federal court, that party "must allege facts that, if true, show federal subject-matter jurisdiction over her case exists." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). If possible, defective jurisdictional allegations should be amended. *See id.*; 28 U.S.C. § 1653.

Everyone agrees the Court has original jurisdiction over Gonzalez's FCRA claim. But Gonzalez challenges the Court's subject-matter jurisdiction over Synchrony's Counterclaims. Synchrony concedes it failed to plead jurisdiction in the Counterclaims. Thus, the Counterclaim fails on its face and repleading is the best course. Any amended counterclaims should make clear the basis for jurisdiction.

Accordingly, it is now

**ORDERED:**

1. Gonzalez's Motion to Dismiss (Doc. 25) is **GRANTED in part**.

2. Synchrony's Counterclaims (Doc. 24) are **DISMISSED without prejudice**.

3. Synchrony must **FILE** an amended answer and counterclaims **on or before August 3, 2021**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 27, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record